IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | |
|---|---|
| JILDA ELK, | ) |
| | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 23-cv-2278 |
| | ) |
| KOHL'S, INC., AND | ) |
| ALLEGION ACCESS TECHNOLOGIES, LLC | ) |
| | ) |
|     Defendant. | ) |

# COMPLAINT

Plaintiff, by and through her attorneys of record, state and allege the following against Defendants Kohl's Inc. and Allegion Access Technologies, LLC.

## A. PARTIES

1. Plaintiff, Jilda Elk is a citizen and resident of Saline County, Kansas, her domicile.

2. Defendant Kohl's, Inc. is a foreign for-profit corporation, incorporated in the State of Delaware with its principal place of business in the State of Wisconsin. It may be served through its registered agent, Corporate Creations Network, Inc., 4601 E. Douglas Avenue, #700, Wichita, KS 67218.

3. Allegion Access Technologies LLC is a foreign limited liability company organized in the State of Delaware. It may be served through its resident agent, Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614.

4. Allegion has two members: 1. Allegion US Holding Company Inc., a corporation incorporated in Delaware with its principal place of business in Indiana, and 2. Allegion US Holding III Inc., a corporation incorporated in Delaware with its principal place of business in Indiana.

## B. JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter.

6. Venue is proper in the Kansas City division of the Kansas District Court of the Federal District Court.

7. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

## C. NATURE OF ACTION

8. This is a civil action for personal injuries suffered by Plaintiff Jilda Elk.

9. On or about May 10, 2022, Plaintiff was a business visitor shopping at Kohl's store #1310 at 2580 S. 9th Street, Salina, KS 67401, owned, operated and maintained by Defendant Kohl's, Inc.

10. In the Kohl's, there was a door that opens for handicapped persons at the push of a button.

11. The door was manufactured and installed by Stanley Black & Decker, Inc. dba Stanley Access Technology.

12. In a transaction that closed on July 5, 2022, Stanley Black & Decker, Inc. sold its Stanley Access Technology business to Defendant Allegion.

13. The sale transferred all of Stanley Black & Decker's intellectual property, assets, and liabilities to Defendant Allegion as it relates to the Stanley Access Technology segment.

14. As Plaintiff began to walk through the automatic handicapped exit door in anticipation of exiting Kohl's, the door began to malfunction and rapidly close on

Plaintiff.

15. The door struck Plaintiff and caused personal injury.

16. Defendant Allegion is the party responsible for the design, installation, replacement, repair, and maintenance to the subject doors—in conjunction with Defendant Kohl's or, in the alternative, on its own.

17. Defendant Kohl's Inc. was notified of this incident on or about May 10, 2022, and began documenting the incident under Claim Number: K-22-066172-001.

18. Defendant Kohl's Inc. possesses video recordings of this incident involving Plaintiff on or about May 10, 2022.

19. On or about May 5, 2023, Defendant Kohl's confirmed to Plaintiff's attorney that video was preserved as a matter of policy and procedure.

### D. CAUSE OF ACTION – NEGLIGENCE AND STRICT LIABILITY

20. Plaintiff adopts and incorporates by reference all preceding paragraphs.

21. At all times relevant herein Defendants negligently installed and/or maintained the doors involved in this injury incident.

22. Upon information and belief, this malfunction was not the first time the door malfunctioned and Kohl's, through its employees and managers, were aware of this.

23. Defendant Allegion is the manufacturer of the door.

24. Upon information and belief, the internal mechanisms of the door were defectively designed and failed to safely open the door on the date in question as a result.

25. This is not the first time this has happened as Defendant Allegion and its predecessor Stanley have been sued numerous times for similar instances.

26. The presence of other similar instances indicates a system failure at the heart of the door's design, which was not reasonably safe. It further indicates a failure to reasonably inspect the door and its component parts and a failure to reasonably test the door and its component parts.

27. Despite numerous instances of similar prior incidents, no warning was given by Defendants as to the condition of the door or its propensity to rapidly close unexpectedly, causing injury.

28. Defendant Allegion and its predecessors in interest are in the business of making and selling doors such as the ones that caused injury in this action.

29. Being that the door was installed in a retail store, Defendant Allegion knew that customers would interact with the door many times in any given day.

30. The design defects and lack of warnings existed made this door unreasonably dangerous at the time the door was sold, which makes Allegion subject to strict liability for Plaintiff's damages.

31. Defendants and/or its employees, agents, otensible agents, and/or staff members were careless and negligent as follows:

    a. Failure to use ordinary and reasonable care to maintain its premise in a safe condition for customers;

    b. Creating a dangerous hazard by leaving malfunctioning doors to operate during business hours in the path of customers;

    c. Failing to warn, either verbally and/or by using signs, cones, and/or other warning devices, of a dangerous hazard in operation at the store;

    d. Failing to maintain the Kohl's property in a reasonably safe condition;

    e. Failing to check for dangerous hazards in high-traffic areas of the store;

    f.   Failing to supervise proper inspection and/or maintenance of the store's floor;

    g.   Failing to block/barricade the hazard area to prevent customer injury;

    h.   Negligent design of the door;

    i.   Negligent maintenance of the doors;

    j.   Negligent installation of the doors;

    k.   Negligent repairs of the door or otherwise negligently failing to repair the doors at all;

    l.   Negligently failing to maintain proper control over an implement, tool or piece of equipment capable of causing significant risk of harm to others; and or

    m.   Other negligent actions and/or omissions to be supplemented after discovery

32. Defendant Kohl's Inc., by and through its employees and agents, had a non-delegable duty to provide a reasonably safe condition for business visitors on their premises.

33. Defendant Kohl's Inc., is responsible for the negligence of its agents/employees under the principles of respondeat superior and vicarious liability.

34. These actions and inactions by Defendants caused Plaintiff's injuries and damages.

35. At all times relevant herein, Plaintiff was exercising reasonable care. She was not in control of the moving sliding glass doors, nor did she have any reason to suspect the doors to malfunction and cause injury to her.

36. As a result of Defendants negligence, Plaintiff sustained personal injuries including serious bodily injury, medical expenses, lost wages, and has incurred non-economic damages such as pain and suffering.

**E. PUNITIVE DAMAGES AGAINST ALLEGION ACCESS TECHNOLOGY LLC**

37. All prior paragraphs are incorporated herein by reference.

5

38. This lawsuit is not the first time Defendant Allegion has been sued for one of its doors negligently operating and causing injury.

39. Specifically, before the subject incident took place, Defendant Allegion aware of other similar incidents and subsequently party to, among others, the following cases:

   a. *Quintanilla v. Ross Dress for Less, Inc.*, et al; No. 21-cv-1043, W.D. Tex., ECF 18-1, p. 4, ¶ 10 (alleging that as the plaintiff walked through the doors "the automatic doors closed on Plaintiff's body");

   b. *Camp v. Home Depot U.S.A., Inc.*, et al, No. 23-cv-52-RDP, N.D. Ala., ECF 1-1, p. 6, ¶ 10 (alleging that as the plaintiff walked through the doors "the automatic door closed on him, striking him [sic] violently knocking him to the concrete floor on his back resulting in severe injuries that caused his death on November 27, 2021).

40. Upon information and belief, there are many more claims that were submitted to Defendant Allegion for the similar malfunction of its doors prior to the subject incident.

41. Defendant Allegion's predecessor in interest, Stanly, was also party to many lawsuits for personal injury across the United States, presumably due its main business—the sale and operation of automatic doors at retail establishments.

42. Therefore, before the subject incident, Defendant Allegion was aware of the imminent risk that its doors could malfunction as it did in this case and cause severe injury or death.

43. Despite this knowledge, Defendant continued its disregard for the risk, the lack of warnings, and the lack of sufficient maintenance for its doors.

44. More specifically, no action was taken by Allegion to maintain, inspect, or otherwise render this door safe for use by patrons of Kohl's.

45. Defendant Allegion's reckless disregard for these known risks constitutes wanton conduct, subjecting Allegion to liability for punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DeVaughn James Injury Lawyers

s/ *Jeffrey A. Wilson*
Jeffrey A. Wilson, #265277
Richard W. James, #19822
3241 N Toben St.
Wichita, KS 67226
[P] (316) 977-9999
[F] (316) 425-0414
Email: jeffwilson@devaughnjames.com
Email: rjames@devaughnjames.com

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and trial by a jury of 12 persons in this matter.

> / s/ *Jeffrey A. Wilson*
> Jeffrey A. Wilson, #265277
> Richard W. James, #19822
> 3241 N Toben St.
> Wichita, KS 67226
> [P] (316) 977-9999
> [F] (316) 425-0414
> Email: jeffwilson@devaughnjames.com
> Email: rjames@devaughnjames.com

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place for trial of this matter.

> /s/ *Jeffrey A. Wilson*
> Jeffrey A. Wilson, #265277
> Richard W. James, #19822
> 3241 N Toben St.
> Wichita, KS 67226
> [P] (316) 977-9999
> [F] (316) 425-0414
> Email: jeffwilson@devaughnjames.com
> Email: rjames@devaughnjames.com